UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00294,
*consolidated with* No. 6:24-cv-00252

**Corey Moody,**
*Plaintiff,*

v.

**John Delgado,**
*Defendant.*

## ORDER

Plaintiff Corey Moody, proceeding pro se, filed these consolidated cases complaining of alleged deprivations of his constitutional rights. Docs. 7, 8. The case was referred to a magistrate judge. Doc. 2.

Plaintiff alleges that he was shot twice in his home by Officer Delgado. Doc. 8 at 4. His pleadings assert that he raised a hammer over his head but then put it down, that he did not charge the officer or throw the hammer at him, and that he was obeying orders when he was shot. Doc. 1 at 4. He alleges that he was charged with what he describes as involuntary attempted aggravated assault on a police officer but that the charges are not true because he did not hurt or harm an officer. Doc. 7-1 at 1.

State court records from Gregg County state that plaintiff pleaded guilty to aggravated assault on a public servant on June 13, 2024, receiving a sentence of 18 years in prison. Docketing Statement, *Moody v. State*, No. 6:24-cr-00122 (Tex. App. July 30, 2024), Doc. 2 at 2. His brief on appeal says that he was charged with aggravated assault on a public servant because he intentionally or knowingly threatened Officer Delgado with imminent bodily injury by charging at the officer with a hammer, and he used or exhibited a deadly weapon—the hammer—during the commission of the assault. Brief of Appellant, *Moody v. State*, No. 6:24-cr-00122, (Tex. App. Nov. 8, 2024), Doc. 13 at 9. It was further

alleged that plaintiff knew Delgado was a public servant, a City of Longview police officer, and that Delgado was lawfully discharging an official duty—namely, investigating a reported incident. *Id.*

After reviewing the pleadings, the magistrate judge issued a report and recommendation that the case be dismissed without prejudice. Doc. 15 at 3. The report stated that if the allegations of plaintiff's civil rights lawsuit necessarily imply the invalidity of the plaintiff's conviction or sentence, then the lawsuit is barred until such time as the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* at 2 (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)).

Here, the magistrate judge observed that according to plaintiff, the charges against him are not true, he did not charge the officer or threaten him with a hammer, and he was obeying orders when he was shot. *Id.* at 1. Those claims, if proven, would imply the invalidity of plaintiff's conviction for aggravated assault on a police officer. *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656–57 (5th Cir. 2007). Thus, the magistrate judge concluded that plaintiff's claims are subject to the *Heck* bar and recommended that the lawsuit be dismissed without prejudice until such time as the *Heck* conditions are met. Doc. 15 at 2–3 (citing *Cook v. City of Tyler*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam)).

Plaintiff objects that his claims are true and that several people heard what happened and can testify against Delgado. Doc. 16 at 3. He states that defendant was trying to kill him and that when he put the hammer up, he had no weapon in his hands and questions why the officer would shoot him. *Id.* at 3–4. He further objects that the video footage was erased or deleted and that his criminal case is still on appeal. *Id.* at 3. However, court records show that his conviction was affirmed by the Texas Sixth Judicial District Court of Appeals on February 11, 2025, with the mandate issued on April 16, 2025. *Moody v. State*, No. 6:24-cr-00122, 2025

WL 470143 (Tex. App. Feb. 11, 2025); Mandate, *Moody v. State*, No. 6:24-cr-00122 (Tex. App. Apr. 16, 2024), Doc. 20.

The magistrate judge concluded that plaintiff's claims, if proven, would call the validity of his criminal conviction into question. Doc. 15 at 2 (citing *DeLeon*, 488 F.3d at 656 (explaining that plaintiff's complaint, which alleged that he did nothing wrong but simply defended himself against the police officer's use of excessive force, was barred by plaintiff's conviction for aggravated assault on said officer)). Plaintiff's objections do not directly challenge that conclusion and do not mention the *Heck* bar except to object to its application. Plaintiff does not dispute that his allegations, if proven, would call his conviction into question. As such, his objections lack merit.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3). Having reviewed the magistrate judge's report de novo, the court overrules the plaintiff's objections and accepts the report's findings and recommendations. Plaintiff's consolidated cases are dismissed without prejudice, with refiling conditioned upon a showing that plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Plaintiff may not refile the claims asserted here until he can make that showing. Any pending motions are denied as moot. The clerk shall send a copy of this order to the administrator of the Three Strikes List for the U.S. District Court for the Eastern District of Texas.

*So ordered by the court on September 29, 2025.*

J. Campbell Barker
United States District Judge

- 3 -